Case 4:21-cv-04120   Document 1-1   Filed on 12/17/21 in TXSD   Page 1 of 8

11/8/2021 9:16 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58932262
By: Monica Jackson
Filed: 11/5/2021 12:37 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MARTHA MCLAURIN | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| JASON SNODGRASS AND | § | |
| ECHEVARRIA TRUCKING LLC | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff, Martha McLaurin, (hereinafter, "Plaintiff"), complains of Defendants, Jason Snodgrass and Echevarria Trucking LLC, (hereinafter called "Defendants"), and would respectfully show the Court that:

### Discovery Control Plan

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief up to $250,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff us justly entitled. Plaintiff also unequivocally pleads that the amount in controversy for this case does not exceed $75,000. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief, if necessary.

## Parties

4. Plaintiff, Martha McLaurin, is a resident citizen of Brazoria County, Texas.

5. Defendant, Jason Snodgrass (Hereinafter, "Defendant Snodgrass") is an individual residing in Elmore County, Idaho. Defendant may be served with process at his residence at 9559 West Homewood Drive, Boise, Idaho 83709, or wherever he may be found.

6. Defendant, Echevarria Trucking LLC (Hereinafter, "Defendant Echevarria Trucking") is a foreign entity doing business in Harris County, Texas. Defendant Echevarria Trucking may be served with process through its registered agent, Ben Echevarria, at 3301 S Retriever Run Lane, Huna, ID 83634, or wherever found.

## Facts

7. This lawsuit is necessary as a result of personal injuries Plaintiff suffered on or about September 20, 2021. At that time, Plaintiff was traveling east on I-10 in the inside lane. Defendant Snodgrass was traveling east on I-10 in the inside lane. Defendant failed to maintain proper distance and to control his speed. Defendant Snodgrass collided with the vehicle in front of him, pushing it into three more vehicles. Plaintiff's vehicle was in this chain of collisions. Defendant Lopez was driving a truck owned by Defendant Echevarria Trucking. As a result of Defendant's negligence and/or negligence *per se*, Plaintiff suffered extensive and permanent injuries.

8. Defendants' aforementioned conduct constitutes negligence and/or negligence *per se* for one or more of the following reasons:

   a) Failing to control the vehicle's speed;

   b) Failed to timely apply his brakes

   c) Failed to yield right-of-way;

   d) Failing to operate the vehicle safely;

   e) Failing to turn the vehicle in an effort to avoid a collision;

2

 f) Failing to maintain a proper lookout in order to avoid a collision;

 g) Failing to maintain a safe distance;

 h) Failing to make a proper lane change;

 i) Violating applicable, local, state, and federal laws and/or regulations; and

 j) Other acts so deemed negligent.

9. Defendant Snodgrass was driving a vehicle owned by Defendant Echevarria Trucking. At all times material hereto, Defendant Snodgrass, was operating the vehicle in the course and scope of his employment with Defendant Echevarria Trucking. As such, Defendant Echevarria Trucking, is vicariously liable for Defendant Snodgrass's negligent acts and omissions under the doctrine of *respondent superior*. Plaintiff further plead Defendant Echevarria Trucking was negligent and/or negligent *per se* for one or more of the following reasons:

 a. Negligently entrusted a motor vehicle to an incompetent driver;

 b. Negligently hired and/or retained employees;

 c. Negligently trained and/or supervised employees;

 d. Failed to maintain the vehicle in a reasonably safe condition;

 e. Violated applicable, local, state and federal laws and/or regulations;

 f. Other acts so deemed negligent.

10. As a result of these acts or omissions, Plaintiff claims all damages recognizable by law.

## Damages

11. By virtue of the actions and conduct of the Defendants set forth above, Plaintiff is seriously injured and is entitled to recover the following damages:

 a. Past and future medical expenses;

 b. Past and future pain, suffering and mental anguish;

 c. Past and future physical impairment;

    d. Past and future physical disfigurement;

    e. Past lost wages and future loss of earning capacity.

12. By reason of the above, Plaintiff is entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

## Duty to Disclose

13. Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

## Initial Disclosures

14. Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

## Rule 193.7 Notice

15. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiff prays that these citations issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which she

may show himself justly entitled.

**DASPIT LAW FIRM, PLLC**

*/s/ Coby Steele*
**Coby Steele**
Texas State Bar No. 24124832
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mahmood Ali on behalf of John Daspit
Bar No. 24048906
mali@daspitlaw.com
Envelope ID: 58932262
Status as of 11/8/2021 9:29 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Coby Steele | | csteele@daspitlaw.com | 11/8/2021 9:16:00 AM | SENT |
| Mahmood Ali | | mali@daspitlaw.com | 11/8/2021 9:16:00 AM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 11/8/2021 9:16:00 AM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 11/8/2021 9:16:00 AM | SENT |
| John ADaspit | | Eservice@daspitlaw.com | 11/8/2021 9:16:00 AM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 11/8/2021 9:16:00 AM | SENT |

CAUSE NO. 202173186

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No: 950996
TRACKING #: 73936122 EML

Plaintiff: MCLAURIN, MARTHA

vs.

Defendant: SNODGRASS, JASON

In The 157th
Judicial District Court of
Harris County, Texas

Houston, Texas

## CITATION – NON RESIDENT

**THE STATE OF TEXAS**
**County of Harris**

**To:** **SNODGRASS, JASON**
9559 WEST HOMEWOOD DRIVE
BOISE ID 83709
OR WHEREVER HE MAY BE FOUND

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

This instrument was filed on 11/8/2021, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on November 9, 2021, under my hand and seal of said court.

Issued at the request of:
STEELE, COBY BLAINE
440 LOUISIANA ST., SUITE 1400
HOUSTON, TX 77002
713-322-4878

Bar Number: 24124832

Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: MONICA JACKSON

Tracking Number: 73936122 EML

**CAUSE NUMBER: 202173186**

| | |
|---|---|
| PLAINTIFF: MCLAURIN, MARTHA | In the 157th |
| vs. | Judicial District Court of |
| DEFENDANT: SNODGRASS, JASON | Harris County, Texas |

## OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. On the _____ day of _____, 20_____. Executed at

(Address)_____
_____ in _____ County at o'clock ___. M. On the _____ day of _____, 20 _____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the _____. Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____.
20___.

Fees $_____

_____                    By_____
           Affiant                                                            Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME. On this _____ day of _____.
20___.

_____
Notary Public